1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LAVERN EDDINGTON, JR., | Case No. 2:22-cv-00341-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S FIRST APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS SECOND AS MOOT |
| v. | |
| A. CHAPELLE, *et al.*, | ECF Nos. 6 & 10 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT FAILURE TO PROTECT CLAIMS AGAINST DEFENDANTS CHAPELLE AND RIOS; OR |
| | (2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner proceeding without counsel, alleges that defendants Chapelle, Rios, and Young violated his Eighth Amendment rights by failing to protect him from an attack by another inmate.[1]  ECF No. 1 at 3.  His claims against defendants Chapelle and Rios are

---

[1] Plaintiff also alleges that defendants' failure to protect violated his Fourteenth Amendment rights.  ECF No. 1 at 4.  There is no allegation that the failure to protect violated his

1

cognizable and may proceed past screening.  Plaintiff's allegations against defendant Young do not make out a violation of the Eighth Amendment, however.  He must choose whether to proceed only with his claims against Chapelle and Rios or delay serving any defendant and file an amended complaint.

I will also grant plaintiff's first application to proceed *in forma pauperis*, ECF No. 6, and deny his second, ECF No. 10, as moot.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

rights to due process or equal protection, however.  Thus, only his Eighth Amendment claim is viable.

1  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

2  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

3  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

4  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

5  **II.    Analysis**

6  Plaintiff alleges that, on February 17, 2020, he was placed in a room with several other

7  inmates at the California Medical Facility.  ECF No. 1 at 3.  He alleges that defendant Chapelle, a

8  correctional officer, locked the door after the inmates had entered and that defendant Rios,

9  another correctional officer, was charged with keeping watch from the outside.  *Id.*  Shortly after

10  the inmates were left alone, one of them became agitated and falsely accused plaintiff of talking

11  about him.  *Id.*  Plaintiff attempted to defuse the situation but was attacked by the other inmate.

12  *Id.*  Despite the attack persisting for several minutes, neither Chapelle nor Rios came to plaintiff's

13  aid and he sustained numerous injuries to his face.  *Id.* at 3-6.  These allegations are sufficient to

14  state an Eighth Amendment claim against both defendants.

15  By contrast, plaintiff has failed to allege how the third defendant, Young, was responsible

16  for failing to protect him.  As best I can tell, plaintiff alleges only that Young made light of the

17  situation after plaintiff had been extracted from the room and was no longer in danger.  *Id.* at 12.

18  Such conduct does not rise to the level of an Eighth Amendment violation.  *See Watison v.*

19  *Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("[T]he exchange of verbal insults between inmates

20  and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve,

21  but which [does] not violate the Eighth Amendment.") (internal citations and quotation marks

22  omitted).

23  Plaintiff may either proceed only with the cognizable claims identified above or he may

24  delay serving any defendant and file an amended complaint.  If plaintiff decides to file an

25  amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v.*

26  *Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended

27  complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D.

28  Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves

any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Plaintiff's first application to proceed *in forma pauperis*, ECF No. 6 is GRANTED and his second, ECF No. 10, is DENIED as moot.

2.  Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his Eighth Amendment failure to protect claims against Chapelle and Rios or delay serving any defendant and file an amended complaint.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.


Dated:   __October 3, 2022__                                    _____
                                                               JEREMY D. PETERSON
                                                               UNITED STATES MAGISTRATE JUDGE

4