UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LAVERN EDDINGTON, Jr.,<br><br>    Plaintiff,<br><br>    v.<br><br>A. CHAPELLE, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-00341-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>ECF No. 15<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

On October 4, 2022, the court screened plaintiff's complaint and found that it alleged cognizable Eighth Amendment failure to protect claims against defendants Chapelle and Rios, but that the other claims were not viable. ECF No. 13. The court gave plaintiff thirty days to file an amended complaint or to advise the court if he wished to stand by his current complaint and proceed only with his Eighth Amendment claims against defendants Chapelle and Rios. *Id.* at 4. To date, plaintiff has not filed either an amended complaint or a notice of election to proceed on the cognizable claims. Instead, he filed a motion seeking the appointment of counsel. ECF No. 15.

1

## Motion to Appoint Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff argues that the court should appoint him counsel because this case is complex and will require significant research and investigation. ECF No. 15 at 1. He also claims that he has a mental disorder and reads at an eighth-grade level. *Id.* at 2. Finally, he states that he has limited access to legal materials because the legal resource center is currently inactive. *Id.*

Plaintiff attached to his motion a response from his institution about the inactive legal resource center. *Id.* at 3. The response acknowledges that the center is inactive, but states that the institution has "utilized a third party legal research company to conduct legal research for inmates." *Id.* The response also states that plaintiff has been sent the form to request legal research and material, but that he has not completed the form. *Id.*

I cannot say that plaintiff's case is complex, since it has not proceeded past the screening stage. Moreover, plaintiff's claim that he does not have access to legal research is squarely contradicted by the response from his institution. Having considered these factors, I do not find that there are exceptional circumstances warranting appointment of counsel.

## Order to Show Cause

To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S.*

*Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff will be given a chance to explain why the court should not dismiss the case for his failure to file an amended complaint or notice of election to proceed on the cognizable claims. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an amended complaint or advise if he wishes to proceed only with his Eighth Amendment claims against defendants Chapelle and Rios.

IT IS SO ORDERED.

Dated:   December 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE